IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARRY J. KILLIAN, | ) |
| Appellant, | ) |
| | ) Hon. George W. Lindberg |
| v. | ) Case Number 08 C 7075 |
| | ) |
| USB FINANCIAL SERVICES, INC., | ) Appeal from No: 07 B 10318 |
| | ) |
| Appellee. | ) |

MEMORANDUM OPINION AND ORDER

Barry J. Killian ("Killian") purports to appeal from an order of the Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Court"). On October 23, 2008, the Bankruptcy Court granted USB Financial Services, Inc.'s ("USB") motion for relief from judgment or order filed pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9024. In granting the Rule 9024 order, the Bankruptcy Court: (1) vacated its June 10, 2008 order; (2) reinstated UBS' motion to dismiss; and (3) vacated the June 11, 2008 discharge order. The effect, the Bankruptcy Court reinstated Mr. Killian's Chapter 7 bankruptcy case.

The threshold question before this Court is whether it has jurisdiction over the instant appeal. The civil counter-part to Bankruptcy Rule 9024 is Federal Rule of Civil Procedure ("Rule") 60(b). *Disch v. Rasmussen*, 417 F.3d 769, 778 (7th Cir. 2005). It is well-established that "the grant of a Rule 60(b) motion operates to vacate the original judgment, leaving nothing for the appellate court to do with it - in fact mooting the appeal." *Boyko v. Anderson*, 185 F.3d 672, 673-74 (7th Cir. 1999). In other words, the grant of a Rule 60(b) or Rule 9024 motion is not a final and appealable order. *Id*. Therefore, contrary to Mr. Killian's assertion in his opening

brief, the Court does not have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). Accordingly, the appeal is dismissed for lack of jurisdiction.

ORDERED: The appeal from the October 23, 2008 order of the Bankruptcy Court for the Norther District of Illinois is dismissed for lack of jurisdiction.

E N T E R:

George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED: May 26, 2009